UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGIA HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-1576-JAR |
| | ) |
| CHRYSLER CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion for leave to proceed in forma pauperis in this action [Doc. #2]. Based upon plaintiff's financial affidavit, the motion will be granted. Furthermore, for the reasons set forth below, the Court will dismiss this case, without prejudice.

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does

not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the

plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### The Complaint

Plaintiff brings this action for unspecified monetary damages against Chrysler Corporation. For her entire "Statement of Claim," plaintiff summarily alleges, "On October 14, 2012 Major Hunter III died as a result of the car he was driving. Pontiac Caprice."

### Discussion

At the outset, the Court notes that plaintiff has failed to state the grounds for filing this action in Federal Court. Liberally interpreting the complaint, the Court will construe this action as having been brought under 28 U.S.C. § 1332, which mandates that diversity of citizenship exist among all parties and that the amount in controversy exceed $75,000. It is unclear whether subject matter jurisdiction exists in this case. The Court, however, will not instruct plaintiff to file an amended complaint with proper allegations of federal jurisdiction, because even assuming, *arguendo*, that jurisdiction is proper, plaintiff has failed to state a claim or cause of action against Chrysler Corporation.

More specifically, plaintiff has failed to plead sufficient facts to state a claim for relief that is plausible on its face. Plaintiff's allegations are mere legal conclusions and threadbare recitals of the elements of a cause of action, which are

not entitled to the assumption of truth. Because there are no *non-conclusory allegations* against Chrysler Corporation, the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557; *see Iqbal*, 556 U.S. at 677-78 (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth). For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED as moot**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 16th day of October, 2015.

                                          *John A. Ross*
                                         UNITED STATES DISTRICT JUDGE